UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLEN TATE, ET AL., )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>M/V WINSTAR, her engines, boilers, furniture, )<br>tackle and apparel, )<br>    Defendant. ) | CAUSE NO.: 2:03-CV-432-JM |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on three motions for judicial notice–Defendant Owner's Additional Motion for Judicial Notice [DE 53], filed on November 12, 2004, Defendant Owner's Additional Motion for Judicial Notice [DE 57], filed on January 13, 2005, and Defendant Owner's Additional Motion for Judicial Notice [DE 58], filed on February 28, 2005–all filed by Showboat Marina Casino Partnership ("Showboat"), as owner of Defendant M/V Winstar.

The Defendant asks the Court to take judicial notice of the September 28, 2004 and January 3, 2005 decisions of the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Amy J. St. Eve, in *Tate et al v. Showboat Marina Casino Partnership et al* (Case No. 02 C 3432). On March 14, 2005, the Plaintiffs filed their reply, stating that they do not object to the Court taking judicial notice of these decisions.

Rule 201 of the Federal Rules of Evidence provides, in pertinent part:

**(a)** **Scope of rule.** This rule governs only judicial notice of adjudicative facts.
**(b)** **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
**(c)** **When discretionary.** A court may take judicial notice, whether requested or not.
**(d)** **When mandatory.** A court shall take judicial notice if requested by a party

and supplied with the necessary information.

Fed. R. Evid. 201.  Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties.  It is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence.  *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

This Court may properly "take notice of proceedings in other courts . . . if the proceedings have a direct relation to matters at issue." *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983) (citing *Barrett v. Baylor,* 457 F.2d 119, 124 n.2 (7th Cir. 1972)).  "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *General Elec.*, 128 F.3d at 1081 (citing 21 Wright & Graham, *Federal Practice & Procedure: Evidence* § 5106 at 505 (1st ed. 1977 & Supp.1997)); *see also Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996)(recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed).  A court may also take judicial notice of facts of "common knowledge" when ruling on a motion to dismiss.  *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977).  The Seventh Circuit has found that matters of public record such as ". . . statutes, city charters, and city ordinances" fall within the category of "common knowledge" and are proper subjects for judicial notice.  *Id*.  Thus, a district court may take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment.

In the present case, the decisions issued by the Honorable Amy J. St. Eve, in *Tate et al v. Showboat Marina Casino Partnership et al* (Case No. 02 C 3432), are public records and, thus, proper subjects for judicial notice.  The Court has the "power" to take judicial notice of public

records and will do so in this case. *See Opoka*, 94 F.3d at 394.

Based on the foregoing, the Court **GRANTS** the Defendant Owner's Additional Motion for Judicial Notice [DE 53] and the Defendant Owner's Additional Motion for Judicial Notice [DE 57] and takes judicial notice of the September 28, 2004 and January 3, 2005 decisions of the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Amy J. St. Eve, in *Tate et al v. Showboat Marina Casino Partnership et al* (Case No. 02 C 3432). The Court will consider these court orders in ruling on the pending dispositive motions.[1]

The Court **DENIES as MOOT** the Defendant Owner's Additional Motion for Judicial Notice [DE 58] filed on February 28, 2005, because it requests the same relief requested in Defendant Owner's Additional Motion for Judicial Notice [DE 57], filed on January 13, 2005.

SO ORDERED this 13th day of April, 2005.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:    All counsel of record  
       Judge Moody

---

[1] In taking judicial notice of the court orders from the Northern District of Illinois, the Court is simply noticing their existence. The Court is not deciding their applicability to the facts and claims in this case. The District Court will analyze the court orders in relation to the facts and claims presented by the parties in this case, and will address their applicability when the District Court rules on the dispositive motions.